## JOHN RICE *vs.* GEORGE W. MOORE.

A writes to a justice that he is willing to enter security for a judgment recovered before him against B—no action can be founded on such a premise before a justice. Every suretyship must be *signed*.

CERTIORARI to *Justice McCaulley*.

Record. "Action on assumpsit—demand, $22 45, to wit: 'September 22, 1832. William McCaulley, Esq. Sir: I have no objections to enter as security for Luke Spenser to the amount of twenty dollars, as I understand you have a judgment against him to that amount.         Your obedient servant,
                    (Signed)         GEORGE W. MOORE.' "

The action was upon the above assumption; the summons was regularly served and returned; and after verifying the service by the oath of the constable, the justice proceeded to hear the cause in the absence of the deft. and gave judgment against him by default.

The exceptions were—First. That the record showed no cause of action. Second. That the justice had not jurisdiction of the case.

*By the Court.* The letter of Moore, which is set forth as the cause of action, is not an assumption, but a promise to become surety that the judgment against Spenser should be paid. He is not liable upon it as an actual entry of security; for such entry must be on the justice's docket and *signed by the surety. Dig.* 338, 5, 13. The deft. is liable on this letter for a failure to become bound as surety; but such an action is not within the jurisdiction of a justice of the peace.

Judgment reversed.

*Wales,* for defendant.